IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO


UNITED STATES OF AMERICA,

      Plaintiff,

  -vs-                                                         CRIMINAL No. 01-0830 LH

JOHNNY RAMZY,

      Defendant.


**MEMORANDUM OPINION AND ORDER**

**THIS MATTER** is before the Court on Defendant's letter (ECF NO. 455), filed February 4, 2015, which the Court construes as Defendant's *pro se* Motion for Reduction of Sentence Pursuant to 18 U.S.C. § 3582(c)(2); the United States' Motion for Order of Ineligibility for Reduced Sentence Under 18 U.S.C. § 3582(c)(2) Regarding Drug Quantity Table ("Motion Ineligibility") (ECF No. 462), filed July 27, 2016; and the Order to Show Cause (ECF No. 461), filed July 26, 2016.  Counsel for Defendant was appointed on May 21, 2015.  The Court, having reviewed the Motions, the record in this matter, and the applicable law, finds that the government's Motion is well taken and it will be **granted** and that Defendant's Motion must be **dismissed for lack of jurisdiction**.  The Court further finds that the Order to Show Cause will be **quashed**.

The United States argues that Defendant is ineligible for resentencing because he was sentenced as a career offender, pursuant to U.S.S.G. § 4B1.1, not under the drug guidelines and,

therefore, Amendment 782 does not lower his sentencing range.  Mot. Ineligibility ¶ 4.  Counsel for Defendant concurs.  Def.'s Resp. ¶ 1 (ECF No. 463), filed Aug. 3, 2016.

A defendant originally sentenced under the career offender guideline is not entitled to resentencing under the recent drug sentencing amendment and this Court does not have jurisdiction even to consider such a motion.  *See United States v. Gray*, 630 F. App'x 809, 812-13 (10th Cir. 2015) ("Although Amendment 782 retroactively reduces base-offense levels corresponding to the same weight of controlled substances listed in U.S. Sentencing Guidelines Manual § 2D1.1, it has no effect on sentences . . . calculated by applying § 4B1.1, the career-offender guideline.") (footnote omitted)) (citing and quoting parenthetically *United States v. Thomas,* 775 F.3d 982, 982 (8th Cir. 2014) (stating that amendment 782 "did not lower the sentencing range established for a career offender by § 4B1.1")).

Thus, having been sentenced as a career offender, Defendant's original sentence was not based on a sentencing range that has subsequently been lowered by the Sentencing Commission, and this Court lacks jurisdiction to consider his Motion on the merits.  *See id.* at 813 (citing *United States v. White*, 765 F.3d 1240, 1250 (10th Cir. 2014); *United States v. Burks*, 301 F. App'x 781, 782 (10th Cir.2008)).  Furthermore, the parties having complied with the Court's Order to Show Cause, it will be quashed.

WHEREFORE,

**IT IS HEREBY ORDERED** that the United States' Motion for Order of Ineligibility for Reduced Sentence Under 18 U.S.C. § 3582(c)(2) Regarding Drug Quantity Table (ECF No. 462), filed July 27, 2016, is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendant's *pro se* Motion for Reduction of Sentence Pursuant to 18 U.S.C. § 3582(c)(2) (ECF NO. 455), filed February 4, 2015, is **DISMISSED FOR LACK OF JURISDICTION**.

**IT IS FURTHER ORDERED** that the Order to Show Cause (ECF No. 461), filed July 26, 2016, is **QUASHED**.

_____
**SENIOR UNITED STATES DISTRICT JUDGE**